UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ZAMONT JAHMAR BEVERETT,

    Plaintiff,

v.                                                        Case No. 3:17-cv-712-J-34MCR

DUVAL COUNTY JAIL,

    Defendant.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Zamont Jahmar Beverett, a pretrial detainee at the Duval County Jail, initiated this action on June 20, 2017, by filing a pro se Civil Rights Complaint Form (Complaint; Doc. 1). Beverett names the Duval County Jail as the defendant. In the Complaint, Beverett alleges that he lost a tooth because he ate a sandwich that contained a rock from the Duval County Jail. Beverett asserts that Defendant's actions were in violation of the Universal Declaration of Human Rights (UDHR). As relief, Beverett seeks payment for his tooth.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from suit relief. See 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of § 1915(e)(2)(B)(ii) mirrors that of Rule 12(b)(6), Federal Rules of Criminal Procedure, as such courts apply

the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted). In conducting this review, of course the Court is mindful of its obligation to read a pro se litigants allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against a defendant under 42 U.S.C. § 1983.

As previously stated, Beverett names the Duval County Jail as the defendant. Whether a party has the capacity to be sued is determined by the law of the state in which

the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Likewise, "Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff." See Thompson v. Bliss, No. 8:11-cv-839-T-30TBM, 2011 WL 4975548, at *3 (M.D. Fla. Oct. 19, 2011). Because the Duval County Jail is not an entity with the capacity to be sued, Beverett fails to state a § 1983 claim upon which relief may be granted. Thus, dismissal of Beverett's claim is warranted since the Duval County Jail is not a proper party to this action. See, e.g., Baker v. Jacksonville Sheriff's Office, No. 3:16-cv-1202-J-34MCR, Doc. 4 (M.D. Fla. Sept. 26, 2016) (dismissing action finding the Jacksonville Sheriff's Office and Duval County Jail were not legal entities subject to suit under 42 U.S.C. § 1983); White v. Duval Cty. Pretrial Det. Facility, No. 3:11-cv-635-J-32MCR, Doc. 7 (M.D. Fla. July 6, 2011) (dismissing the Duval County Pretrial Detention Facility as a defendant because it was not an entity subject to suit under 42 U.S.C. § 1983).

Moreover, to establish a cause of action under § 1983, a plaintiff must show that he was deprived of a federal right "secured by the Constitution and laws." 42 U.S.C. § 1983. "The rights secured by the [UDHR] are not federal rights." Moore v. McLaughlin, 569 F. App'x 656, 660 (11th Cir. 2014). Therefore, Plaintiff cannot base an action under 42 U.S.C. § 1983 on a violation of the UDHR.

Accordingly, it is

**ORDERED and ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of June, 2017.

MARCIA MORALES HOWARD
United States District Judge

sflc

c: Zamont Jahmar Beverett, #2016029060